DENNIS W. QUILL *vs.* BOSTON INSURANCE COMPANY.

Essex.   November 6, 1907. — January 22, 1908.

Present: KNOWLTON, C. J., LORING, BRALEY, & RUGG, JJ.

*Equity Pleading and Practice,* Decree.   *Agency,* Existence of relation.   *Contract,* What constitutes.   *Equity Jurisdiction,* Specific performance.   *Insurance.*

On an appeal from a decree in equity where all the evidence is reported and it appears that the decree is based upon findings of fact made by the judge presiding at a hearing where there was oral testimony, the findings will not be reversed unless plainly wrong.

At the hearing in a suit in equity against an insurance company to compel it to deliver to the plaintiff a policy of insurance and to pay for the loss of the property alleged to have been insured, it appeared that an insurance agent sought to procure from the defendant insurance upon the property of the plaintiff, but that the defendant in a letter to the agent stated that it could not insure the property until bills showing certain expenditures on and the purchase price of the property were submitted to it, and there was evidence that the letter containing such statement was shown to the plaintiff. The bills requested were never submitted to the defendant. There also was evidence that the agent at one time had been an agent of the defendant, but not as to the kind of insurance that the plaintiff was seeking. The property was lost after the time when, according to the contention of the plaintiff, the insurance was effected. The presiding judge found that the agent was not an agent of the defendant to effect the kind of insurance the plaintiff sought, and, on other evidence, found that the agent thought "that an order for such insurance sent by him to the defendant would be honored and the risk accepted by the defendant," and that the plaintiff thought that the insurance had been effected; and the judge ordered the bill dismissed. *Held,* that the decree should be affirmed, since the evidence warranted the findings and at most disclosed negotiations which had not reached the contractual stage.

BILL IN EQUITY by amendment from an action at law allowed in the Superior Court for the county of Essex June 6, 1906.

There was a hearing before *Aiken*, C. J., who directed a decree dismissing the bill, and the plaintiff appealed. All the evidence was taken by a commissioner and appeared in the record. The facts appear in the opinion.

*D. W. Quill, pro se.*

*E. E. Blodgett,* for the defendant.

RUGG, J. This is a suit in equity by which the plaintiff as receiver of the Beverly Transportation Company seeks to compel the defendant to deliver to him a policy of marine insurance on the steamer Monohansett and pay for her loss under such policy. There was a hearing before the chief justice of the Superior Court, who found as facts that the agent of the Transportation Company believed that he had effected insurance upon the steamer, to go into effect at twelve o'clock, August 3, 1904; that one Norton, an insurance agent, thought that an order for such insurance sent by him to the defendant would be honored and the risk accepted by it; that Norton was not an agent of the defendant to effect marine insurance; and that there was no acceptance of the risk by the defendant. A final decree was entered dismissing the bill, and the plaintiff appealed.

The witnesses were heard orally, and the findings of the court based upon such evidence will not be reversed unless plainly wrong. *Jennings* v. *Demmon*, 194 Mass. 108. The findings were fully warranted. Norton testified that at one time he represented the defendant for a term of three years for fire business, but it did not appear precisely when this agency began or ended, and that he never had any agency from it for marine business. This testimony was not contradicted. His acts respecting this particular matter do not show that he was attempting to act as agent for the insurance company. His first communication touching the subject was a letter containing the statement that his firm had the insurance to place upon the Monohansett and a request to the defendant to write it. The reply of the defendant was a declination, unless substantial repairs were made. Correspondence ensued, in which the amount expended for purchase and repairs and the rate of insurance and payment were discussed, but Norton does not assert any power as agent. He is rather asking as a customer for the issuance of

a policy. There was no evidence that at the time in question the defendant held out Norton as its agent generally or as to marine insurance. In its letter of August 3d the defendant repeated in substance what it had said before: "I shall have to ask before writing the insurance that the bills you have and an account of the bills that are incurred be submitted together with the bills showing the purchase price of the steamer. I regret that I positively cannot write the insurance until this is done." This condition never was complied with, and only a promise of performance accompanied the final request. Over sanguine hopefulness alone could infer from this language that a policy of insurance would be issued upon the sole promise that bills would be furnished in the future. There was also evidence tending to show that the contents of the defendant's letters were imparted to the representative of the Transportation Company. The steamer was lost on the afternoon of August 3. Upon being notified of the loss the defendant disclaimed liability. All the circumstances disclose negotiations respecting insurance, which had not reached the contractual stage.

*Decree affirmed.*